Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3256 | **DATE** | 8/19/2003 |
| **CASE TITLE** | Julia Thompson vs. Ameriquest Mortgage Co. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant's motion to dismiss (3-1) is granted. The status hearing set for 8/28/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | AUG 2 1 2003 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | 8 |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 8/19/2003 | |
| GL | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | GL mailing deputy initials | |

Julia THOMPSON, )
)
Plaintiff, )
)
v. )    No. 03 C 3256
)
AMERIQUEST MORTGAGE COMPANY, )
a Delaware Corporation, )
)
Defendant. )

DOCKETED
AUG 2 1 2003

## MEMORANDUM OPINION & ORDER

MARVIN E. ASPEN, District Judge.

Plaintiff Julia Thompson ("Thompson" or "Plaintiff") has filed a complaint before this Court alleging

that a debt owed to Ameriquest Mortgage Company ("Ameriquest" or "Defendant") is invalid pursuant

to the Truth-in-Lending Act ("TILA"), 15 U.S.C. §1601 and its implementing regulation, 12 C.F.R. §224

("Regulation Z"). Presently before us is Defendant's motion to dismiss pursuant to Federal Rules of

Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, we grant Defendant's motion

to dismiss.

## BACKGROUND

On April 11, 2001, Plaintiff entered into a $68,000 loan transaction (the "Mortgage")with

Defendant to refinance her home. Pursuant to TILA, Plaintiff had the right to rescind the transaction

within three days. According to Plaintiff, the Truth-in-Lending disclosure statement provided by

Defendant did not accurately state all material terms of the transaction. Plaintiff contends that this

omission resulted in an extension of Plaintiff's right to rescind to three years. Plaintiff subsequently

defaulted on her mortgage payment. Defendant responded by filing an action to foreclose on the

Mortgage in the Circuit Court of Cook County. On August 13, 2002, the Circuit Court entered a

8

Judgment of Foreclosure and Order of Sale (the "Judgment"), scheduling the sale for November 14, 2002. Plaintiff neither challenged allegations in the foreclosure complaint nor appealed the Judgment. Plaintiff also failed to redeem the property during the redemption period.

Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois on November 13, 2002. The Bankruptcy Court denied Plaintiff's petition. On March 12, 2003, Plaintiff attempted to rescind the Mortgage by signing a "notice of cancellation" and faxing a copy to Defendant's counsel. Plaintiff then filed an Amended Chapter 13 Plan claiming the Mortgage was void because of her attempted rescission. Plaintiff also filed a complaint in the Bankruptcy Court for the Northern District requesting declaratory and injunctive relief as well as a modification of rescission procedures. The Bankruptcy Court rejected the Plaintiff's Amended Chapter 13 Plan and dismissed her complaint without prejudice on April 17, 2003.

On May 15, 2003, Plaintiff filed the instant complaint before this Court, alleging that the mortgage held by Defendant is void due to her rescission. Plaintiff asks this Court to:(1) declare that Plaintiff had a valid right to rescind the Mortgage and that the Mortgage is void; (2) enjoin Defendant from further acting to foreclose on her home; and (3) modify the repayment method provided for by TILA rescission procedures. Defendant filed a motion to dismiss the instant complaint on June 12, 2003 pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine and, alternatively, that Plaintiff's claims are barred by the doctrine of *res judicata*.

DISCUSSION

I.    STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(1) is to decide the adequacy of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.

1990). Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a motion to dismiss for lack of subject matter jurisdiction, the Court may look beyond the complaint to other evidence submitted by the parties to determine whether subject matter jurisdiction exists. *See United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). The plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met. *See Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

Under the *Rooker-Feldman* Doctrine, we "lack jurisdiction to engage in appellate review of state-court determinations." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 21, 107 S.Ct. 1519, 1531, 95 L.Ed.2d 1 (1987) (Brennan, J., concurring) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 443, 44 S.Ct. 149, 68 L.Ed. 362 (1923)); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Indeed, the United States Supreme Court has sole federal jurisdiction over such judgments. *See Feldman*, 460 U.S. at 482, 486, 103 S.Ct. at 1314, 1317; *see also Rooker*, 263 U.S. at 46, 44 S.Ct. at 150; *Landers Seed Co. v. Champaign Nat'l Bank*, 15 F.3d 729, 732 (7th Cir. 1994).

The *Rooker-Feldman* Doctrine further dictates that a district court may not entertain a claim that, while not raised in the state court proceeding, is "inextricably intertwined" with the state court judgment. *Feldman*, 460 U.S. at 483 n.16, 103 S.Ct. at 1316 n. 16; *see also Ritter*, 992 F.2d at 753. In examining whether a federal claim is "inextricably intertwined," the crucial inquiry "is whether 'the district court is in essence being called upon to review the state-court decision.'" *Ritter*, 992 F.2d at 754 (quoting *Feldman*, 460 U.S. at 483-484 n. 16, 103 S.Ct. at 1316 n. 16). To that end, the Seventh Circuit considers: (1) whether the plaintiff had a reasonable opportunity to raise the current claims in state court;

and (2) whether the state court judgment caused the injury of which the plaintiff complains. *See Schmitt v. Schmitt*, 324 F.3d 484, 486 (7th Cir. 2003). If the answer to both questions is in the affirmative, the *Rooker-Feldman* Doctrine applies, and the lower federal court is without subject matter jurisdiction. *See id.*

## II. ANALYSIS

Defendant argues that Plaintiff's claims are inextricably intertwined with the Judgment of the Circuit Court. First, Plaintiff had a reasonable opportunity to assert her claims that she had a right to rescind the Mortgage and that the Mortgage is void. The facts on which Plaintiff relies to make her claims existed when Defendant filed its foreclosure action. However, Plaintiff inexplicably failed to raise these claims before the Circuit Court on in an appeal of the Judgment. We cannot hear Plaintiff's claims simply because she chose not to raise the issues before the State court.

Second, Plaintiff is trying to get relief in federal court from a State Circuit Court Judgment. Plaintiff alleges that Defendant's Truth-in-Lending Statement violated TILA, and asks this Court to declare her March 2002 rescission valid. She also requests an injunction to prevent further foreclosure proceedings on her home. In essence, Plaintiff's numerous past filings, as well as her present action, all endeavor to remedy one injury – foreclosure on her home. This injury stems directly from the Circuit Court Judgment of Foreclosure. Implicit in the Circuit Court Judgment was that court's determination that the Mortgage was valid. Plaintiff's complaint asks us to draw a different conclusion than that reached by the Circuit Court. As a consequence, we are without subject matter jurisdiction to hear Plaintiff's claims pursuant to the *Rooker-Feldman* Doctrine.

## CONCLUSION

For the foregoing reasons, we grant Defendant's motion to dismiss under 12(b)(1).[1]

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated ___8/19/03___

---

[1]Because we have dismissed the complaint under Rule 12(b)(1), we need nto consider Defendant's alternative grounds for dismissal under Rule 12(b)(6).